IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAUN BRAME, # M-21607, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01093-SMY |
| | ) | |
| C/O PERDUE and PHILLIPPE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shaun Brame, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action *pro se* pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Lawrence in 2014 (Doc. 1). Plaintiff claims that Defendants Perdue (correctional officer) and Phillippe (nurse) denied him adequate medical care for a broken leg. He now sues the two defendants for exhibiting deliberate indifference to his medical needs in violation of the Eighth Amendment. He seeks monetary damages.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

In November 2014, Plaintiff complained of a suspected broken knee to Defendant Perdue.  (Doc.1, p.5).  He requested emergency medical assistance.  Defendant Perdue denied the request.  He said that no assistance would be provided because the officer observed Plaintiff walk down the stairs unassisted.  Defendant Perdue then told Plaintiff that he could either walk to the health care unit ("HCU") or walk back to his cell.  *Id*.

Plaintiff made his way to the HCU, where he was seen by Defendant Phillippe.  Plaintiff explained that he thought his knee was broken and requested emergency medical treatment.  He showed Defendant Phillippe his swollen foot, leg, and knee.  Defendant Phillippe refused to examine Plaintiff's knee or leg, explaining that he would only be seen in the "seizure clinic."  *Id*.

X-rays subsequently revealed that Plaintiff's leg was broken.  He now sues Defendants Perdue and Phillippe for deliberate indifference to his medical needs in violation of the Eighth Amendment.  Plaintiff seeks monetary damages.  *Id*.

## Discussion

Plaintiff's deliberate indifference to medical needs claim (**Count 1**) shall receive further review.  Relevant to this claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Obviously, a broken leg, or even a suspected broken knee, constitutes a serious medical need for screening purposes.

Here, whether the defendants responded with deliberate indifference to Plaintiff's need for medical assistance is a closer question. The subjective element requires that prison officials act with a sufficiently culpable state of mind, which is "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The officials must be "subjectively aware of [the plaintiff's] serious medical needs and disregard[ ] an excessive risk that a lack of treatment pose[s] to his health or safety." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Medical malpractice, negligence, or even gross negligence does not satisfy the deliberate indifference standard. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (citing *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 592 (7th Cir. 1999)). Where the medical need is obvious, deliberate indifference can often be inferred. *Johnson*, 433 F.3d at 1013 (quoting *Collignon v. Milwaukee Cty.*, 163 F.3d 982, 989 (7th Cir. 1998). *See also Steele v. Choi*, 82 F.3d 175, 179 (7 Cir. 1996) (where the need for care is obvious—for example, a broken leg or inability to breathe—failure to provide care is actionable). Construing the allegations in the complaint liberally, as this Court is required to do at this stage, the Court finds that further review of Count 1 is warranted. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Accordingly, **Count 1** shall proceed against Defendants Perdue and Phillippe.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4) which is hereby **GRANTED**. Service shall be ordered on both defendants.

**Disposition**

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS PERDUE** and **PHILLIPPE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 28, 2015**

**s/ STACI M. YANDLE**
**U.S. District Judge**
