IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN BRAME, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 3:15-cv-01093-SMY-PMF |
| | ) |
| C/O PERDUE and PHILLIPPE, | ) |
| | ) |
|     Defendants. | ) |

### REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Plaintiff Shaun Brame is a former inmate with the Illinois Department of Corrections ("IDOC"). Brame filed this lawsuit pursuant to 42 U.S.C. § 1983 on October 5, 2015. (Doc. 1). According to the complaint, defendants Physician Assistant Lynn Phillippe and Correctional Officer Bryan Perdue violated Brame's Eighth Amendment rights while he was incarcerated at Lawrence Correctional Center. Brame asserts that sometime in November, 2014 he broke his leg and the two defendants denied him emergency medical treatment for the injury. The defendants filed answers to the plaintiff's complaint in late 2015. (Docs. 17 and 24).

It has now come to the Court's attention that Brame misrepresented his litigation history on his complaint form. (Doc. 1, p. 3). Brame drafted his complaint using the standard Southern District of Illinois prisoner civil rights complaint form.[1] Section "II" of the complaint form asks the prospective prisoner plaintiff "Have you begun any other lawsuits in state or federal court relating to your imprisonment?" The form then states:

> If your answer to [the previous question] is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on

---

[1] Blank copies of the form are available at http://www.ilsd.uscourts.gov/Forms/PrisonerCivilRightsComplaint.pdf.

1

another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u> [underlined in original].

On Brame's complaint he placed a checkmark indicating that he had begun other litigation related to his incarceration. He then identified only one lawsuit; *Brame v. Vaughn*, 3:14-cv-00410-MJR-SCW, currently pending before Judge Reagan and Judge Williams in the Southern District of Illinois.

Brame failed to state on his complaint form that he also filed another lawsuit simultaneously with the instant case. Additionally, Brame declined to mention that he filed six lawsuits while incarcerated with the Cook County Department of Corrections. A PACER search reveals that Brame has filed the following lawsuits in federal court (listed in chronological order from date of filing):

- *Brame v. Rodriguez,* No. 07 C 6969, (N.D. Ill.); 42 U.S.C. § 1983 lawsuit against various Cook County Department of Corrections employees.
- *Brame v. Dart*, No. 09 C 3966 (N.D. Ill.); 42 U.S.C. § 1983 lawsuit against various Cook County Department of Corrections employees.
- *Brame v. Dart*, No. 10 C 3441 (N.D. Ill.); 42 U.S.C. § 1983 lawsuit against various Cook County Department of Corrections employees.
- *Brame v. Dart*, No. 10 C 4176 (N.D. Ill.); 42 U.S.C. § 1983 lawsuit against various Cook County Department of Corrections employees.
- *Brame v. Dart*, No. 10 C 7452 (N.D. Ill.); 42 U.S.C. § 1983 lawsuit against various Cook County Department of Corrections employees.
- *Brame v. Dart*, No. 10 C 7948 (N.D. Ill.); 42 U.S.C. § 1983 lawsuit against various Cook County Department of Corrections employees. This complaint was dismissed at 28 U.S.C. § 1915A screening for failure to state a claim. Plaintiff was given one "strike."
- *Brame v. Hodge*, No. 3:14-cv-00410-MJR (S.D. Ill.). The only case mentioned in the complaint's litigation history.
- *Brame v. Perdue*, No. 3:15-cv-01093-SMY-PMF (S.D. Ill.). The instant case.
- *Brame v. Vaughn,* No. 3:15-cv-01096-MJR-SCW (S.D. Ill.). The case filed simultaneously with the instant case.

On November 10, 2015 Brame was ordered to show cause as to why this case should not be dismissed due to the failure to include his full litigation history. (Doc. 13). Brame filed a

response to the order to show cause on December 14, 2015. (Doc. 22). In his response Brame states that "[t]he 1983 forms provided to plaintiff while incarcerated request previous lawsuits file[d] not lawsuits filed on the same day as Brame v. Vaughn 3:15-cv-01096-MJR-SCW." Brame also states that he did not provide the other prior cases because he "no longer has access" to his older case file information and that "without case no. there is no way to get court case files."

The standard Southern District of Illinois prisoner complaint form clearly requires prisoner plaintiffs to list any prior lawsuits they may have filed that relate to their imprisonment. The form then warns litigants that their complaint may be dismissed if they fail to list their full litigation history. As the Seventh Circuit recognized in *Hoskins v. Dart*, requiring prisoners to list their litigation history not only allows the Court to more effectively manage its docket, but it also "enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g)." 633 F.3d 541, 543-544 (7th Cir. 2011).

In the present case, Brame failed to list in his complaint that he previously filed six lawsuits concerning his conditions of confinement with the Cook County Department of Corrections. One of the six cases was dismissed for failure to state a claim and resulted in Brame receiving a "strike" pursuant to 28 U.S.C. § 1915(g). Additionally, Brame declined to mention that he filed the present complaint and another lawsuit simultaneously on the same day. If his only omission consisted of the simultaneously filed case, Brame may have had a colorable argument that this was an honest, inadvertent mistake. However, Brame's failure to list *six* other lawsuits, including one that resulted in a strike, supports a finding that the omissions were intentional and fraudulent. Although Brame states that he did not list the other cases because he no longer has access to his case files, a cursory mention of his older cases would have sufficed.

Because of Brame's misconduct, the undersigned recommends that sanctions be imposed. Dismissal is one option, see *Hoskins*, 633 F.3d at 544, but District Courts are generally obligated to consider other, less severe sanctions before deciding to dismiss. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Monetary sanctions are another option. However Brame is proceeding *in forma pauperis* and monetary sanctions would have little effect to an already indigent litigant. Brame could also be sanctioned by limiting the testimony or other evidence he may introduce. Due to the nature of his claims, such a sanction would likely result in dismissal or a favorable summary judgment ruling for the defendants. While other forms of sanctions may be available, under these circumstances dismissal is the most appropriate. See *Hoskins*, 633 F.3d at 543.

## **RECOMMENDATIONS**

It is RECOMMENDED that Plaintiff Shaun Brame's complaint be dismissed as a sanction for misrepresenting his litigation history on his complaint.

**SO RECOMMENDED.**

**DATED:  January 19, 2016  .**

 *s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**